IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CHRISTOPHER B. FERRELL,

    Plaintiff,

v.

GLYNN COUNTY DETENTION
CENTER,

    Defendant.

CIVIL ACTION NO.: CV207-134

## ORDER

After an independent review of the record, the Court concurs with the recommendation of the Magistrate Judge that Plaintiff's Complaint be **DISMISSED**. Plaintiff's Complaint alleged that, while incarcerated at the Glynn County Detention Center in Brunswick, Georgia, he was given expired Tylenol and was neglected in the treatment of his asthmatic condition. Plaintiff further alleged that the Detention Center was overcrowded and that this exacerbated his medical conditions. Plaintiff named as Defendant only the Glynn County Detention Center itself. In his Report and Recommendation, the Magistrate Judge determined that the Detention Center, an arm of a local government, is not a legal entity subject to suit under 42 U.S.C. § 1983, and that Plaintiff's Complaint failed to state a claim against any proper party defendant.

Plaintiff has now filed Objections to the Report and Recommendation, wherein he seeks to replace the Detention Center with Undersheriff Ron Corbett and Jail Administrator Colonel Louise Newsome as Defendants. However, Plaintiff has failed to

AO 72A
(Rev. 8/82)

sufficiently allege any constitutional violation by these individuals. Plaintiff has simply attempted to name as defendants individuals within the Detention Center's administration without making any factual allegations against these individuals. It appears that Plaintiff seeks to hold the Undersheriff and the Jail Administrator liable based solely upon their supervisory roles. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or where there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802.

Accordingly, because Plaintiff has failed to state a cognizable claim against any proper defendant, the Report and Recommendation of the Magistrate Judge is hereby adopted as the opinion of this Court. Plaintiff's Complaint is hereby **DISMISSED** for failure to state a claim upon which relief may be granted.

SO ORDERED, this 24 day of January, 2008.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE